IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Petitioner,                    No. CIV S-09-2520 GGH P

    vs.

COUNTY OF SACRAMENTO,
SHERIFF JOHN MCGINNESS, et al.,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has purportedly filed an action pursuant to 42 U.S.C. § 1983, wherein petitioner, as plaintiff, sought to implicate, inter alia, Sacramento and Placer Counties, Sacramento County Sheriff John McGinness, various Sacramento County sheriff's deputies, a Placer County deputy district attorney, his own counsel, California Justice Department officials and a Sacramento County judge, for alleged misdeeds, including false arrest, malicious prosecution, and abuse of process for holding and prosecuting him on the basis of an underlying conviction that had been invalidated. Complaint, pp. 1-84. However, this court has been compelled to construe the putative complaint as an application pursuant to 28 U.S.C. § 2254 because petitioner seeks his immediate release from custody.

        The undersigned directed respondent Sacramento County Sheriff John McGinness to provide a response to petitioner's request for immediate release within twenty days. See

1

1  Order, filed on September 15, 2009 (dkt # 6). Rather than responding on substantive grounds,
2  County Counsel, on behalf of the sheriff, asks this court to dismiss the sheriff as respondent on
3  the basis that, although petitioner, as of that filing was still being held within the Sacramento
4  County Main Jail, he was pending transfer to the custody of the California Department of
5  Corrections and Rehabilitation following imposition of a state prison term on September 18,
6  2009. Response, p. 2. According to an abstract of judgment submitted by respondent, petitioner
7  was convicted, on August 20, 2009, of two counts of failure to register (count one in 2007 and
8  count two in 2008) under Cal. Penal Code § 290. Exhibit A to response. Petitioner was
9  thereafter sentenced to a term of seven years, four months on September 18, 2009. Id., at 10.

10         The court takes judicial notice of McNeely v. McGinness, CIV S-08-0175 LEW
11 JFM P,[1] which distinguished between any requirement for petitioner to register as a sex offender,
12 pursuant to Cal. Pen. Code § 290, predicated on a 1995 conviction and any such requirement that
13 would have been based on an invalidated 1998 conviction. In that case, the court found that the
14 2006 and 2007 offenses for which he was charged for failing to register were based on the valid
15 1995 conviction (and had yet to be adjudicated). The judgment in Case No. CIV-S-08-0175 was
16 summarily affirmed in an unpublished memorandum from the Ninth Circuit, filed in that case
17 docket on February 10, 2009. Docket # 28.

18         This court is unable to determine from the respondent Sheriff's response
19 whether the current conviction rests on a 1998 conviction of petitioner's which has been
20 invalidated or an earlier 1995 conviction, which evidently has not (although petitioner claims that
21 conviction to be invalid as well). As petitioner has been transferred to Deuel Vocational
22 Institution (DVI), Warden S.M. Salinas will be substituted in for Sheriff McGinness as
23 \\\\\

---

25  [1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80
26 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

respondent in this case.[2]  Because petitioner has alleged that his present conviction is predicated on an invalidated judgment, the court will require an accelerated response from the Attorney General's Office.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court is to substitute DVI Warden S.M. Salinas in for Sacramento County Sheriff McGinness as respondent in this action;

2. Respondent is directed to provide a response to petitioner's habeas petition within twenty-one days.

3. The Clerk of the Court shall serve a copy of this order, *the consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court* together with a copy of the complaint, construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: October 15, 2009              /s/ Gregory G. Hollows
                                     _____
                                     U.S. MAGISTRATE JUDGE

GGH:009
mcne2520.ord

---

[2] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).