1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DOCK MCNEELY,

11            Petitioner,                    No. CIV S-09-2520 WBS GGH P

12        vs.

13    COUNTY OF SACRAMENTO, et al.,

14            Respondents.                   ORDER and

15    _____/              FINDINGS & RECOMMENDATIONS

16            Petitioner is currently a state prisoner,[1] and the instant case has been construed as

17    an application pursuant to 28 U.S.C.§ 2254.  See Order, filed on September 15, 2009 (docket #

18    6).  Pending before the court are: 1) petitioner's motions to appoint counsel (docket # 2 and #

19    41); 2) petitioner's "motion for relief based on victims rights" (docket # 7); 3) petitioner's

20    motion for witness protection and for a temporary restraining order (TRO) (which in the context

21    of this habeas petition, must be construed as a motion for bail pending adjudication of the

22    habeas), and motions to restrict petitioner's transfer during the pendency of habeas corpus

23    proceedings  (docket # 9, # 10 and # 25); 4) petitioner's motions "to correct error" (docket # 12

24    and # 24); 5) respondent's motion to dismiss (docket # 26), to which petitioner filed his

25    _____

26        [1] Upon the filing of this action, petitioner was housed at the Sacramento County Jail.

                                                1

1   opposition (docket # 34); 6) petitioner's motions for default judgment/entry of default (docket #

2   31, # 33, # 42 and # 43); 7) petitioner's motions for an evidentiary hearing (docket # 38 and

3   docket # 40); 8) petitioner's "request for recall of commitment recommendation" (docket # 47).

4   Standard for Bail Pending Collateral Review

5            "The federal court's authority to release a state prisoner on recognizance or surety

6   in the course of a habeas corpus proceeding derives from the power to issue the writ itself."

7   Marino v. Vasquez, 812 F.2d 499, (9th Cir. 1987), citing Ostrer v. United States, 584 F.2d 594

8   (2nd Cir.1978); In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); United States ex rel. Thomas

9   v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S. 878, 94 S. Ct. 121 (1973);

10   Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam).  It is firmly established that

11   it is within the inherent power of a district court to enlarge a state prisoner on bond pending

12   hearing and decision on his application for a writ of habeas corpus.  See, Turner v. Yates, 2006

13   WL 1097319 *1(E.D. Cal. 2006)(adopted by Order, 2006 WL 2331125 (E.D. Cal. 2006), citing

14   In re Wainwright, 518 F.2d at 174; United States ex rel. Thomas v. New Jersey, 472 F.2d at 743;

15   Woodcock v. Donnelly, 470 F.2d at 94.  However, the bail standard for a person seeking

16   collateral review significantly differs from the standard applied to a pretrial detainee; persons

17   accused of crimes and awaiting trial are presumed innocent and therefore enjoy an Eighth

18   Amendment right to be free from excessive bail.  Turner v. Yates, 2006 WL 1097319 *1, citing

19   Stack v. Boyle, 342 U.S. 1, 4, 72 S. Ct. 1 (1951).  In contrast, a habeas corpus petitioner

20   requesting postconviction relief has already been convicted and is, therefore, no longer presumed

21   innocent and no longer enjoys a constitutional right to freedom, however conditional.  Turner,

22   supra, citing Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v. Donnelly,

23   470 F.2d 95, 98 (1st Cir. 1972).

24            In a Ninth Circuit case decided prior to Aronson, it was held that:

25            It would not be appropriate for us at this stage of the proceeding to
             enlarge this petitioner on bail even if we found that the allegations

26            of his petition for habeas corpus made out a clear case for his

1          <u>release.  Something more than that is required before we would be</u>
        <u>justified in granting bail</u>.  (Emphasis added.) (Footnote omitted.)

2

3  <u>Benson v. California</u>, 328 F.2d 159, 162 (9th Cir. 1964).  <u>Turner</u>, <u>supra</u>.  In <u>Aronson</u>, which cites

4  the Ninth Circuit's decision in <u>Benson</u>, an applicant sought bail pending appeal from the denial

5  of his petition for writ of habeas corpus.  <u>Turner</u>, <u>supra</u>.  Justice Douglas set forth the following

6  guidelines for determining when a habeas corpus petitioner could be released on bail:

7          In this kind of case it is therefore necessary to inquire whether, in
        addition to there being <u>substantial questions</u> presented by the
8          appeal, there is some circumstance making this application
        <u>exceptional</u> and deserving of special treatment in the interests of
9          justice.  <u>See</u> <u>Benson v. California</u>, 328 F.2d 159 (9th Cir. 1964).

10  <u>Aronson</u>, 85 S. Ct. at 5 (emphasis added).  <u>Turner</u>, <u>supra</u>.  <u>Aronson</u>, therefore, requires a

11  petitioner to demonstrate that his underlying claim implicates or raises substantial questions and

12  that his case sets forth exceptional circumstances.[2]  <u>Turner</u>, <u>supra</u>.

13          In addition, a number of cases interpreting the first test of the <u>Aronson</u> analysis

14  have required that petitioner's claims be more than substantial.  <u>See</u>, <u>e.g.</u>, <u>Calley v. Callaway</u>,

15  496 F.2d 701, 702 (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner

16  pending postconviction relief only when petitioner raises substantial constitutional claims upon

17  which he has a high probability of success and when there are extraordinary or exceptional

18  circumstances); <u>Glynn v. Donnelly</u>, 470 F.2d 95, 98 (1st Cir. 1972) (court will not grant bail

19  unless petitioner presents not only a clear case on the law but a case that is readily apparent on

20  the facts); <u>see</u> <u>also</u> <u>Richardson v. Wilhelm</u>, 587 F. Supp. 24, 25 (D. Nev. 1984); <u>Monroe v. State</u>

21  <u>Court of Fulton County</u>, 560 F. Supp. 542, 545 (N.D. Ga. 1983).  <u>Turner</u>, <u>supra</u>.

22  \\\\\

23

24      [2]  <u>But</u> <u>see</u> <u>Land v. Deeds</u>, 878 F.2d 318 (9th Cir. 1989) (defining test as requiring *either* special circumstances *or* a high probability of success) (citing <u>Aronson v. May</u>, 85 S. Ct. 3, 5 (1964)).  Although the test in <u>Land</u> appears to be different because it requires either special
25  circumstances <u>or</u> a high probability of success, whereas <u>Benson</u> appears to require both prongs, <u>Land</u> was not an *en banc* decision, and cannot overrule another panel.  Possibly, <u>Land</u>'s use of the word
26  "or" was inadvertent.  Therefore, <u>Benson</u> remains good law especially in light of <u>Aronson</u>.

1         Courts moreover have narrowly construed the second test of the <u>Aronson</u> analysis:

2   that petitioner show that his case presents exceptional circumstances justifying relief.  <u>See</u>

3   <u>Calley</u>, 496 F.2d at 702.  <u>Turner</u>, <u>supra</u>.  Exceptional circumstances may be found and, in the

4   court's discretion, may warrant a petitioner's release on bail where:  (1) petitioner demonstrates a

5   health exigency or seriously deteriorating health while confined in prison, <u>Woodcock v.</u>

6   <u>Donnelly</u>, 470 F.2d 93 (1st Cir. 1972) (per curiam); <u>Johnston v. Marsh</u>, 227 F.2d 528 (3rd Cir.

7   1955); (2) there is an extraordinary delay in the processing of a petition, <u>Glynn</u>, 470 F.2d 95; and

8   (3) petitioner's sentence would be completed before there could be meaningful collateral review,

9   <u>Boyer v. City of Orlando</u>, 402 F.2d 966 (5th Cir. 1968) (bail granted where court concluded

10  petitioner should present claims to state courts, despite state court precedents denying relief for

11  his claim, and noting that petitioner's sentence would have been served before exhaustion could

12  be completed); <u>see</u> <u>also</u> <u>Goodman v. Ault</u>, 358 F. Supp. 743 (N.D. Ga. 1973).  <u>Turner</u>, <u>supra</u>.

13  Because the court concludes (see below) that petitioner has neither set forth substantial claims

14  (much less "more than substantial") nor made a showing of the requisite exceptional

15  circumstances, petitioner's motion for bail pending collateral review is denied as are his equally

16  unavailing motions to restrict his transfer pending review of the instant habeas petition.

17  <u>Motion to Dismiss</u>

18        On October 2, 2009, the County of Sacramento informed the court that petitioner,

19  on August 20, 2009, was convicted by a jury for a violation of  Cal. Penal Code § 290(g)(2).

20  Docket # 14, p. 2, & Exhibit A.  Petitioner thereafter was sentenced on September 18, 2009, to a

21  term in state prison of seven years and four months.  Id.

22        In an <u>Order</u>, filed on October 15, 2009, the court stated the following:

23      Petitioner, a state prisoner proceeding pro se, has purportedly filed
        an action pursuant to 42 U.S.C. § 1983, wherein petitioner, as

24      plaintiff, sought to implicate, inter alia, Sacramento and Placer
        Counties, Sacramento County Sheriff John McGinness, various

25      Sacramento County sheriff's deputies, a Placer County deputy
        district attorney, his own counsel,California Justice Department

26      officials and a Sacramento County judge, for alleged misdeeds,

including false arrest, malicious prosecution, and abuse of process for holding and prosecuting him on the basis of an underlying conviction that had been invalidated.  Complaint, pp. 1-84. However, this court has been compelled to construe the putative complaint as an application pursuant to 28 U.S.C. § 2254 because petitioner seeks his immediate release from custody.

The undersigned directed respondent Sacramento County Sheriff John McGinness to provide a response to petitioner's request for immediate release within twenty days.  See Order, filed on September 15, 2009 (dkt # 6).  Rather than responding on substantive grounds, County Counsel, on behalf of the sheriff, asks this court to dismiss the sheriff as respondent on the basis that, although petitioner, as of that filing was still being held within the Sacramento County Main Jail, he was pending transfer to the custody of the California Department of Corrections and Rehabilitation following imposition of a state prison term on September 18, 2009. Response, p. 2.  According to an abstract of judgment submitted by respondent, petitioner was convicted, on August 20, 2009, of two counts of failure to register (count one in 2007 and count two in 2008) under Cal. Penal Code § 290. Exhibit A to response.  Petitioner was thereafter sentenced to a term of seven years, four months on September 18, 2009. Id., at 10.

The court takes judicial notice of McNeely v. McGinness, CIV S-08-0175 LEW JFM P[], which distinguished between any requirement for petitioner to register as a sex offender, pursuant to Cal. Pen. Code § 290, predicated on a 1995 conviction and any such requirement that would have been based on an invalidated 1998 conviction.  In that case, the court found that the 2006 and 2007 offenses for which he was charged for failing to register were based on the valid 1995 conviction (and had yet to be adjudicated). The judgment in Case No. CIV-S-08-0175 was summarily affirmed in an unpublished memorandum from the Ninth Circuit, filed in that case docket on February 10, 2009. Docket # 28.

This court is unable to determine from the respondent Sheriff's response whether the current conviction rests on a 1998 conviction of petitioner's which has been invalidated or an earlier 1995 conviction, which evidently has not (although petitioner claims that conviction to be invalid as well). As petitioner has been transferred to Deuel Vocational Institution (DVI), Warden S.M. Salinas will be substituted in for Sheriff McGinness as respondent in this case.[] Because petitioner has alleged that his present conviction is predicated on an invalidated judgment, the court will require an accelerated response from the Attorney General's Office.

Order, filed on October 15, 2009 (docket # 18), pp. 1-3.

\\\\\

5

1        In the response, the Attorney General, counsel for respondent, clarifies that

2  petitioner was charged in a Sacramento County Superior Court complaint, filed on September 28,

3  2007, in count 1 with having failed to register within five days of changing residence (Cal. Penal

4  Code § 290(g)(2)) and in count two with having failed to register within five days of changing

5  residence also in violation of Cal. Penal Code § 290(g)(2).  Motion to Dismiss (MTD), p. 2,

6  citing Clerk's Transcript (1CT 116-17).  (Lodged Document Clerk's Transcript, Volume 1, pp.

7  116-17).  As respondent maintains, the complaint filed "expressly stated that petitioner was

8  obligated to register because of an August 25, 1995, Placer County conviction."  Id.  The

9  complaint also alleged that petitioner had been convicted on August 25, 1995, of continuous

10  sexual abuse of a child under Cal. Penal Code § 288.5.  Id., citing 1CT at 117.

11        Respondent sets forth the following chronology which the court finds has been

12  supported in its independent review of the record submitted (MTD, pp. 2-4) (where any

13  supporting record has not been produced, it is noted):

14      •    On January 10, 2008, public defender relieved as counsel for petitioner
              pursuant to petitioner's Faretta[3] motion (Lodged Doc. CT Vol. 1, p. 4);

15

16      •    On February 28, 2008, petitioner held to answer on count 1, after a
              preliminary hearing, but not on count 2.  Petitioner pled not guilty, denied
              prior conviction (Id., pp. 185-187, 189);

17

18      •    On April 7, 2008, court granted petitioner's request for appointment of
              counsel (Id., p. 8);

19      •    On June 25, 2008, complaint number 08F05205 filed in Sacramento
              County Superior Court, alleged in count 1 petitioner failed to register in

20              violation of Cal. Penal Code § 290 within five working days of his
              birthday (Cal. Penal Code § 290.018(b)).  Complaint stated expressly

21              petitioner was obligated to register based on an August 25, 1995,
              conviction in Placer County and alleged that the offense had been

22              committed while petitioner was released on bail in case number 07F09282,
              within the meaning of Cal. Penal Code § 12022.1.  Complaint also alleged

23              petitioner had been convicted of continuous sexual abuse of a child under
              Cal. Penal Code § 288.5 (Lodged Doc. CT Vol. 2, pp. 304-305);

24

25        [3] Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975) (Sixth Amendment, by way of
the Fourteenth Amendment, guarantees a defendant in a state criminal trial the right of self-

26  representation).

- On July 29, 2008, petitioner's <u>Faretta</u> motion was granted (Lodged Doc. CT Vol. 1, p. 12);

- On August 5, 2008, after a preliminary hearing, petitioner was held to answer and the complaint deemed an information (Id., at pp. 281-282);

- On August 12, 2008, a consolidated information was filed with case number 07F09282 charging petitioner in count 1, with failing to register within five days of changing residence as required by Cal. Penal Code § 290(g)(2), and in count 2, with failing to register pursuant to Cal. Penal Code § 290, within five working days of his birthday (Cal. Penal Code § 290.018(b)). With respect to each count, the consolidated information stated expressly that petitioner was obligated to register because of an August 25, 1995, Placer County conviction. The complaint further alleged the count 2 offense had been committed while petitioner was released on bail for the offense alleged in count 1 within the meaning of Cal. Penal Code section 12022.1. Finally, the consolidated information alleged petitioner was convicted on August 25, 1995, of continuous sexual abuse of a child within the meaning of Penal Code section 288.5. The motion to consolidate was granted (Id., at pp. 208-209; Lodged Doc. CT Vol. 2, p. 303);

- On November 7, 2008, petitioner's <u>Marsden</u>[4] motion was denied. Petitioner became disruptive [and was removed from the courtroom]. Petitioner's attorney expressed a doubt as to petitioner's competency pursuant to Penal Code section 1368. The court apparently suspended criminal proceedings and appointed two mental health professionals to examine petitioner (Lodged Doc. CT Vol. 1, p.17);

- On January 13, 2009, the superior court declared petitioner incompetent to stand trial. On February 10, 2009, petitioner was committed to the trial competency program, according to respondent, at Napa State Hospital. (Id., at pp. 20; however, although respondent also cites pp. 295-296 of vol. 1 of the CT, those pages do not appear to have been submitted to this court);[5]

- On February 18, 2009, petitioner filed a notice of appeal of the superior court's January 13, 2009, order, and as of November 5, 2009 (when respondent's motion was filed), the appeal from the incompetency finding was being briefed in the Third Appellate District of the California Court of Appeal, in case number C061175.2 (MTD, court docket # 26-2, copy of Third Appellate District docket sheet, pp. 1-2);

---

[4] In <u>People v. Marsden</u>, 2 Cal. 3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970), the California Supreme Court held that a trial court must permit a defendant seeking a substitution of counsel after the commencement of the prosecution's case to specify the reasons for his request.

[5] Pages 290 through 300 of the Clerk's Transcript are not included among the lodged documents. (In addition, certain other pages are omitted as "confidential," i.e., CT 319-330).

- On June 9, 2009, petitioner was found competent to stand trial and criminal proceedings were reinstated. (MTD, minute order, court docket # 26-3, p. 9);

- On August 10, 2009, jury trial began.  (MTD, minute order, court docket # 26-3, p. 6);

- On August 20, 2009, petitioner was found guilty of counts 1 and 2. The special allegation that count 2 was committed while on bail was found true, as was the allegation that petitioner was convicted of Penal Code section 288.5 on August 25, 1995. (MTD, minute order, verdict forms, court docket # 26-3, pp. 4, 15, 17-19.) In their verdict, the jury stated petitioner was found guilty of counts 1 and 2 as charged in the information (court docket # 26-3, pp. 17-18);

- On September 18, 2009, on count 1, petitioner was sentenced to the middle term of two years, doubled to four years, pursuant to Cal. Penal Code § 667(e)(1), and on count 2, the court imposed one-third the middle term of eight months, doubled to sixteen months, pursuant to § 667(e)(1) (court docket # 26-3, minute order, p. 2 ).  Petitioner was further sentenced to an additional two years pursuant to Cal. Penal Code § 12022.1(b). (Id.; and court docket # 26-3, abstract of judgment, pp. 12-13[6]).  Petitioner's total sentence is therefore seven years and four months in state prison. (Id.) Also on September 18, 2009, petitioner filed a notice of appeal from his judgment and sentence (court docket # 26-4, notice of appeal and copy of Third District Court of Appeal, docket sheet, pp. 1-2);

- As of November 5, 2009, the appeal from the sentence and judgment was being briefed in the California Court of Appeal, Third Appellate District, in case number C063051 (id., at p. 2).

The court has previously referenced, as noted above, <u>McNeely v. McGinness</u>, CIV S-08-0175 LEW JFM P, of which judicial notice has been taken,[7] which distinguished between any requirement for petitioner to register as a sex offender, under Cal. Penal Code § 290, based on a 1995 conviction and any such requirement that would have been based on an invalidated 1998 conviction.  The undersigned has noted that in that case it was found that the 2006 and 2007 offenses for which he was charged for failing to register were based on the valid 1995 conviction (and had yet to be adjudicated) and that the judgment in Case No. CIV-S-08-0175 had

---

[6] Pagination per court's electronic docketing.

[7] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126 (1981).

been summarily affirmed by the Ninth Circuit.

Respondent also asks that the court take judicial notice of <u>McNeely v. McGinness</u>, CIV S-09-2375 JAM DAD P, which the court does herein.  Respondent contends that, as in the prior case cited immediately above, petitioner again sought therein habeas relief prejudgment pursuant to 28 U.S.C. § 2241.  MTD, p. 5.  In that case, petitioner sought relief based on his allegation that he could not be prosecuted for failing to register as a sex offender because his duty to so register arose from an invalidated 1995 Placer County conviction, relying on <u>McNeely v. Blanas</u>, 336 F.3d 822 (9th Cir. 2003).  The undersigned quotes extensively from the <u>Findings and Recommendations</u>, filed in Case No., CIV S-09-2375, on September 1, 2009 (pp. 3-4), adopted by <u>Order</u>, dismissing the petition, filed on October 16, 2009.

Before the Ninth Circuit, petitioner had alleged that his continued confinement without a preliminary hearing or trial violated his right to a speedy trial. <u>See</u> <u>McNeely</u>, 336 F.3d 822. The facts underlying that case were as follows. On April 13, 1998, petitioner was arrested and charged two days later in the Sacramento County Municipal and Superior Court with lewd and lascivious conduct upon a child under the age of 14 and failing to register as sex offender.  <u>Id</u>. at 824. In June of 2000, petitioner filed a petition for writ of habeas corpus in this court challenging the delay in his state court criminal proceedings. <u>Id</u>. at 824-25. The assigned district judge ultimately dismissed the petition. <u>Id</u>. at 826. On appeal from that dismissal, the Ninth Circuit held that a pretrial delay in state court of more than five years violated petitioner's Sixth Amendment right to a speedy trial and ordered his immediate release from custody with prejudice to re-prosecution of the criminal charges then pending against petitioner in state court. <u>Id</u>. at 826-32.

In its opinion, the Ninth Circuit did not address, let alone invalidate, petitioner's underlying 1995 Placer County conviction. [] Nor did the Ninth Circuit suggest in any way that the state was forever barred from prosecuting petitioner for failure to register as a sex offender based on his 1995 Placer County Superior Court conviction. The undersigned notes that the most recent felony complaint filed against petitioner in Sacramento County Superior Court Case No.07F09282 alleges that he violated state law in 2006 and 2007 by failing to register as a sex offender in violation of California Penal Code § 290. Nowhere does that complaint mention the state's charges brought against petitioner in 1998 that were dismissed by the Ninth Circuit in 2003. The charges brought against petitioner with respect to his failure to register in

1    2006 and 2007 as required by his 1995 conviction in the Placer
     County Superior Court are new charges, distinct from the 1998
2    dismissed charges. Accordingly, petitioner's claims set forth in the
     pending petition are without any factual basis.[] [Footnotes
3    omitted.]

4    This court's own review of the Ninth Circuit's decision in <u>McNeely v. Blanas</u>, <u>supra</u>, 336 F.3d

5    822, confirms the accuracy of the judges' assessment of that opinion in Case No., CIV S-09-

6    2375.

7            Respondent also observes (MTD, p. 7) that the exhaustion of state court remedies

8    is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).

9    If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. §

10   2254(b)(3).[8]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies

11   the exhaustion requirement by providing the highest state court with a full and fair opportunity to

12   consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270,

13   276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert.</u> <u>denied</u>, 478 U.S. 1021

14   (1986).

15           Respondent notes that petitioner is challenging the validity of his August 20,

16   2009, convictions for failing to register, and has appealed the convictions as of September 18,

17   2009, and that at the time of filing their motion to dismiss, the claims were still pending in the

18   state appellate court.  MTD, p. 7.

19           Respondent also argues that "[f]or reasons of comity and federalism" (MTD, p. 7),

20   this court should abstain from reviewing petitioner's collateral attack before petitioner's direct

21   appeal is complete, citing <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746 (1971).

22           In his opposition, petitioner makes no reference to the question of exhaustion.

23   Rather, petitioner is focused therein on his claim that the respondent, Warden Salinas, failed to

24   appropriately respond to this court's order, filed on October 15, 2009.  Opposition, p. 1.

25

26           [8]  A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

1    Petitioner's contention is not well-taken.  The court ordered a response from Warden Salinas

2    within twenty-one days, and a response was filed, on behalf of respondent Salinas, exactly

3    twenty-one days later on November 5, 2009, which contained the pending request/motion to

4    dismiss.

5              Petitioner goes on to contend that the Clerk of the Court entered a default as to

6    Sheriff John McGinness on November 23, 2009, and that once the putative default was entered,

7    petitioner was entitled to immediate release.  Opp., p. 2.  The text for the docket entry, however,

8    for November 23, 2009, indicates that the clerk declined petitioner's request for entry of default.

9    It is correct that the court originally ordered the sheriff to file a response to petitioner's request

10   for immediate release within twenty days.  See Order, filed on September 15, 2009.  However,

11   before the expiration of that time, on October 2, 2009, County Counsel informed the court that

12   petitioner had been convicted and sentenced and was awaiting transfer to state prison.  In its

13   October 15, 2009, the court noted petitioner's transfer to Deuel Vocational Institution and

14   ordered the DVI Warden Salinas be substituted in as respondent for Sacramento County Sheriff

15   McGinness, after which, as noted respondent Salinas made a timely reply, pursuant to that order.

16   Petitioner's claim that the October 15, 2009, Order, somehow violated his right to due process

17   (Opp., p. 2), simply has no foundation.

18              In some of his various other filings, see, e.g., "motion to correct error," filed on

19   September 22, 2009, and again on October 28, 2009, petitioner insists that his August 25, 1995,

20   conviction has been previously invalidated, citing McNeely v. Blanas, supra, and McNeely v.

21   Bonner (for which petitioner does not provide a citation).  The record demonstrates that with

22   regard to McNeely v. Blanas, as set forth above, petitioner repeatedly misapplies that case.  The

23   court once again takes judicial notice of a prior case of petitioner's, McNeely v. Bonner, CIV S-

24   03-2172 DFL PAN P.  The court's docket indicates that that habeas matter was dismissed for

25   petitioner's failure to exhaust state court remedies on April 6, 2004.  A notice of appeal in that

26   case was evidently filed on April 16, 2004, but nothing indicates that a certificate of appealability

1  was ever filed.  However, in another case of the same caption, <u>McNeely v. Bonner</u>, CIV S-04-

2  1215 DFL PAN P (of which the court also takes judicial notice), petitioner was granted a writ

3  with regard to a Placer County probation or parole revocation related to the 1998 Sacramento

4  charges that were invalidated by the Ninth Circuit.   The court found that Placer County had

5  unduly delayed petitioner's completion of the probation revocation proceeding following its

6  summary revocation on September 24, 1998, while the warrant was held in abeyance pending the

7  resolution of the 1998 Sacramento charges.

8           Again, however, petitioner does not demonstrate that his 1995 conviction, on

9  which his pending convictions are predicated, has ever been invalidated or overturned.  Nor has

10  petitioner made any argument that he has as yet exhausted his state court remedies on the 2009

11  failure to register convictions and sentencing.

12           After reviewing the petition for habeas corpus, the court finds that petitioner has

13  as yet failed to exhaust state court remedies.  Petitioner has not demonstrated that the claims have

14  been presented to the California Supreme Court.  Further, there is no allegation that state court

15  remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed

16  without prejudice.[9]

17  <u>Miscellaneous Motions</u>

18           Petitioner has filed an inapposite motion, entitled "motion for relief based on

19  victims rights" (docket # 7), regarding a civil rights action brought by petitioner as plaintiff,

20  <u>McNeely v. Jones, et al.</u>, Case No. CIV S-08-2710 JAM GGH P, a case that was voluntarily

21  dismissed at the request of plaintiff in May, 2009.   This inapposite motion will be disregarded.

22  \\\\\

23

24           [9]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year

25  period will start to run on the date on which the state court judgment became final by the conclusion
of direct review or the expiration of time for seeking direct review, although the statute of limitations

26  is tolled while a properly filed application for state post-conviction or other collateral review is
pending.  28 U.S.C. § 2244(d).

Petitioner seeks an evidentiary hearing to establish that his current conviction is predicated upon his 1995 prior conviction.  See docket # 38 and # 40.  There is no need for any such hearing as that has been definitively established by the record before the court.  What petitioner has needed to show is that the 1995 prior conviction has been invalidated and this he has failed to do.  Petitioner's motions for an evidentiary hearing are denied.

Petitioner has filed a  "request for recall of commitment recommendation" (docket # 47), which does not appear to be directed to this court.  Within that "request," petitioner appears to be asking that a record of the 2003 dismissal of proceedings by the federal court be forwarded to the undersigned.  To the extent that petitioner intends to reference the 2003 decision by the Ninth Circuit in McNeely v. Blanas, any such request is wholly unnecessary.  To the extent that petitioner intended to reference any other ruling, the meaning of the request is completely obscure.  The request will be denied as it is either unnecessary or both misdirected and incomprehensible.

Motions for Appointment of Counsel

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion for bail pending adjudication of his habeas, filed on September 15, 2009 (docket # 9), and his motions to restrict his transfer during the pendency of habeas corpus proceedings, filed on September 22, 2009 (docket # 10), and on October 29, 2009 (docket # 25), are denied;

2.  Petitioner's motions for appointment of counsel, filed on September 8, 2009

13

(docket # 2), and on January 15, 2010 (docket # 41), are denied without prejudice;

3.  Petitioner's inapposite motions for default judgment/entry of default, filed on November 10, 2009 (docket # 31), on November 18, 2009 (docket # 33), on January 20, 2010 (docket # 42), and on January 22, 2010 (docket # 43), are disregarded;

4.  Petitioner inapposite motion, entitled "motion for relief based on victims rights" filed on September 15, 2009 (docket # 7), is disregarded;

5.  Petitioner's "motion to correct error," filed on September 22, 2009 (docket # 12), and on October 28, 2009 (docket # 24), are denied;

6.  Petitioner's motions for an evidentiary hearing, filed on December 30, 2009 (docket # 38), and on January 13, 2010 (docket # 40), are denied; and

7.  Petitioner's "request for recall of commitment recommendation," filed on February 11, 2010 (docket # 47), is denied.

IT IS RECOMMENDED that the habeas petition be dismissed.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mcne2520.mtd+