IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Petitioner,                    No. CIV S-09-2520 WBS GGH P

    vs.

S. M. SALINAS, Warden,[1]

    Respondent.                ORDER

_____/

        On April 12, 2010, this court recommended dismissal of petitioner's habeas petition. By Order, filed on April 27, 2010, the court granted petitioner an extension of time until May 17, 2010, to file objections to the April 12, 2010, findings and recommendations. On May 6, 2010, petitioner filed "a motion for a temporary restraining order and order to show cause for preliminary injunctive relief." Within that motion, petitioner also requested appointment of Ann McClintock, Assistant Federal Defender, as his counsel.

        There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

---

[1] Although the order filed on October 15, 2009 (docket # 18), directed the Clerk of the Court to substitute DVI Warden S. M. Salinas for Sacramento County Sheriff McGinness as respondent in this action, that has not previously been formally reflected by the court in the case caption.

1  so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does
2  not find that the interests of justice would be served by the appointment of counsel at the present
3  time.
4        As to petitioner's request for a TRO or preliminary injunctive relief, petitioner's
5  basis for the motion is that he has been denied access by Librarian H. Kosher to the form on
6  which he could request Preferred Library Use (or User) (PLU) status due to the impending court
7  deadline which violates a CSP-Solano procedure; nor has he been provided written reasons for
8  disapproval of such status as required by a state regulation, CAL. CODE REGS. tit.xv, §
9  3122(b)(4).  Motion, pp. 1-2.  Petitioner also claims that another state regulation CAL. CODE REGS.
10 tit.xv, § 3160(a) has been violated inasmuch as his access to the courts has been obstructed; in
11 addition, petitioner appears to be claiming that he has been denied not simply PLU status but all
12 law library access.  Id. at 2.  Petitioner further claims that he has been retaliated against for
13 proceeding in this action because a correctional officer named J. Boyden issued a CDC 115 rules
14 violation report because petitioner would not accept H. Kosher's explanation for failing to extend
15 petitioner's PLU status.  Motion, p. 2.
16       Although petitioner has included exhibits that do not speak to the issue of denial
17 of access to the library and although a request for any form of preliminary injunctive relief is not
18 apposite in the context of a habeas petition, the court will construe petitioner's request as one for
19 a protective order and respondent will be directed to ascertain that petitioner is permitted a
20 reasonable amount of time to access the prison law library.  This does not mean that petitioner
21 must be permitted unlimited law library access or even PLU status.  Within seven days,
22 respondent must inform the court of steps taken to assure that petitioner is being permitted
23 adequate law library access to formulate his objections.  The court will extend the May 17, 2010,
24 deadline in light of this motion for petitioner's filing of objections until June 7, 2010.
25 \\\\\
26 \\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 6, 2010 (Docket No. 52), request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings;

2. Petitioner's May 6, 2010 (Docket No. 52), motion for a TRO/preliminary injunctive relief regarding access to the law library/courts is construed as a motion for a protective order and, as such and as modified by the court, is granted;

3. Respondent must inform the court within seven days of steps taken to assure that petitioner has adequate access to the law library for him to be able to frame objections to the pending findings and recommendations in the instant case; and

4. Petitioner's deadline for filing objections to the April 12, 2010 (Docket No. 48), findings and recommendations is extended (again) until June 7, 2010.

DATED: May 26, 2010         /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
mcne2520.110(2)